UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH LEE LEDBETTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 2:14-cv-1327-JHE |
| ) | |
| CAROLYN W. COLVIN, ACTING ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. | |

## MEMORANDUM OPINION[1]

Plaintiff Kenneth Lee Ledbetter ("Ledbetter") seeks review, pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act, of a final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his application for period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). Ledbetter timely pursued and exhausted his administrative remedies. This case is therefore ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3). The undersigned has carefully considered the record and, for the reasons stated below, the Commissioner's decision is **AFFIRMED**.

### I. Factual and Procedural History

Ledbetter was a forty-nine-year-old male at the time of the Administrative Law Judge's ("ALJ") decision. (Tr. 29 & 41). He graduated high school and worked as a welding-machine tender, brake operator, shear-operator helper, steel-plant general laborer, and cashier/checker. (Tr. 41 & 60).

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 10).

Ledbetter filed his application for a period of disability, DIB, and SSI on April 21, 2010. (Tr. 20). The Commissioner initially denied his application, and Ledbetter requested a hearing before an ALJ on February 8, 2011. (Tr. 67-68, 83-84). After a hearing, the ALJ denied his claim on November 1, 2012. (Tr. 17-33). Ledbetter sought review by the Appeals Council, (tr. 14-16), but it declined his request on May 9, 2014. (Tr. 1-6). On that date, the ALJ's decision became the final decision of the Commissioner. On July 9, 2014, Ledbetter initiated this action. (*See* doc. 1).

## II. Standard of Review[2]

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this Court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This Court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This Court must uphold factual findings supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528,

---

[2]In general, the legal standards applied are the same whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

531 (11th Cir. 1993).  If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining the proper legal analysis has been conducted, it must reverse the ALJ's decision.  *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III. Statutory and Regulatory Framework

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;
(2) whether the claimant has a severe impairment;
(3) whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];
(4) whether the claimant can perform his or her past work; and
(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to the formerly applicable C.F.R.

---

[3]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499.

section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show such work exists in the national economy in significant numbers. *Id.*

## IV. Findings of the Administrative Law Judge

After consideration of the entire record and application of the sequential evaluation process, the ALJ made the following findings:

At Step One, the ALJ found Ledbetter last met the insured status requirements of the Social Security Act on June 30, 2014, and did not engage in substantial gainful activity from the amended alleged onset date of April 18, 2011. (Tr. 22). At Step Two, the ALJ found Ledbetter has the following severe impairments: major depressive disorder, and substance abuse disorders (cocaine, alcohol, and marijuana). (*Id.*). At Step Three, the ALJ found Ledbetter does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 23).

Before proceeding to Step Four, the ALJ determined Ledbetter's residual functioning capacity ("RFC"), which is the most a claimant can do despite his impairments. *See* 20 C.F.R. § 404.1545(a)(1). The ALJ determined Ledbetter has the RFC to perform medium work as defined in 20 C.F.R. 404.1567(c) and 416.967(c), with specified limitations. (Tr. 25). Specifically, he can occasionally reach overhead only with the right upper extremity and must avoid all exposure

to operational control of moving machinery and unprotected heights.  (*Id.*).  Additionally, he is limited to simple, routine, and repetitive tasks with a low-stress environment; only occasional changes in the work setting; and occasional, brief, and superficial interaction with the public and co-workers.  (*Id.*).

At Step Four, the ALJ determined, through the date last insured, Ledbetter is unable to perform any past relevant work.  (Tr. 27).  At Step Five, the ALJ determined, based on his age, education, work experience, and RFC, jobs exist in significant numbers in the national economy Ledbetter could perform.  (Tr. 28).  Therefore, the ALJ determined Ledbetter has not been under a disability, as defined by the Social Security Act, from April 18, 2011, through the date of the ALJ's decision, and denied his claim.  (Tr. 29).

## V. Analysis

Although the court may only reverse a finding of the Commissioner if it is not supported by substantial evidence or if improper legal standards were applied, "[t]his does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).  The court, however, "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Ledbetter alleges that the ALJ's decision should be reversed and remanded for two reasons.  First, he asserts that the Vocational Expert's ("VE") testimony lacks a comprehensive hypothetical because he alleges the ALJ failed to consider the limitations caused by Plaintiff's arthritis of the lumbar spine.  (Doc. 13 at 5-6).  Second, Plaintiff alleges the ALJ gave too little weight to the state-agency opinion relating to marked and extreme limitations with and without

regard to substance abuse.  (Doc. 13 at 8).

Ledbetter begins his argument with the contention the ALJ failed to pose a hypothetical to the VE that included all of his conditions and limitations because the ALJ failed to consider his arthritis of the lumbar spine in the RFC.  (Doc. 13 at 5-6).  He asserts this condition would affect truncal and lower extremity functioning so he cannot stoop or crouch.  (Doc. 13 at 7).  According to Plaintiff's allegations, if the ALJ had considered this severe condition, the RFC would have included postural-functioning analysis, and certain jobs the VE determined Ledbetter would be able to perform, such as warehouse laborer, would be eliminated.  (*Id.*).

Although the ALJ clearly states that "facet arthritis of the lumbar spine" is a severe impairment, it is also clear from the opinion and from the record this was a clerical, not a substantive, error.  First, the heading for the section lists only major depressive disorder and substance abuse disorders as Ledbetter's severe impairments, which is consistent with the ALJ's later analysis of the Listings and RFC, which addresses only the severe impairments named in the heading.  (Tr. 23-27).  Next, the analysis under the severe-impairments section, while mentioning the arthritis of the lumbar spine, does not mention either major depressive disorder or substance-abuse disorders, which are the primary focus of both the remaining analysis and the medical record.  (Tr. 23-27 & 223-552).  Lastly, the ALJ's severe-impairments analysis states in preface to the single sentence finding "arthritis of the lumbar spine cause[s] more than minimal impact on the claimant's capacity for work activities," that this finding will be "discussed later in this decision."  (Tr. 22).  The "finding" is never mentioned again.

Ledbetter attempts to buttress the ALJ's finding of "arthritis of the lumbar spine" by pointing to a single medical record documenting a back-pain complaint and a single scan revealing arthritis in the shoulders and ankle (but not the lumbar region of the spine).  (Doc. 13 at

6-7).  The general "back pain" complaint never led to any significant medical intervention or any diagnosis of lower back issues, and Ledbetter points to nothing (and the undersigned has found nothing) indicating Ledbetter has any issues in his lumbar spine.  Moreover, it is not mentioned in Ledbetter's allegations of disabling limitations.  (Tr. 25 & 47).  The paucity of evidence for the ALJ's "finding" further supports the conclusion severe arthritis in the lower back was not one of the ALJ's actual findings.

Ledbetter does not dispute major depressive disorder and substance-abuse disorders were severe impairments supported by the medical evidence, and he points to nothing to indicate the ALJ's statement regarding "facet arthritis of the lumbar spine" is anything but a harmless error that cannot reasonably invoke any requirement to consider it in conjunction with Ledbetter's actual impairments.  *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (finding erroneous statements of fact harmless where, if the ALJ had not "misspoke," the same outcome would have resulted).  The remainder of the ALJ's opinion, on the other hand, (which completely ignores this "finding") is supported by substantial evidence.

Substantial evidence supports the findings major depressive disorder and substance-abuse disorders were severe impairments and the finding Ledbetter's headaches and neck pain were not severe because,  after his cervical fusion operation, examinations were unremarkable and the treatment was conservative with little follow-up until Ledbetter hired an attorney to assist with his disability claim.  (Tr. 32) (citing 281-313, 378, 382-84, 397, & 470-522).  The ALJ determined the impairments could cause the alleged limitations but that the allegations regarding the extent of the limitations were not entirely credible.  (Tr. 26).  On this point, the ALJ cited improved depression symptoms, stable mental status, and no psychiatric care or substance-abuse relapses since the alleged onset date, as well as a significant amount of daily activities, including

7

caring for his blind mother.  (*Id.*).  Further, the ALJ noted difficulties with compliance and indications of possible malingering that "call into question the extent of his limitations as well as his reasons for seeking treatment."  (*Id.*).  Lastly, the ALJ gave great weight to the State agency psychologist's opinion, except for her findings of marked or extreme limitations because they were "inconsistent with newer evidence in the record."  (Tr. 27).

With regard to the State agency psychologist's opinion, Ledbetter points out as significant that the opinions found he would meet Listing 12.09 if his substance abuse was considered and that, even when not under the influence of drugs, he would have moderate limitations and four or more episodes of decompensation.  (Doc. 13 at 7-8) (citing tr. 346 & 360).[4]  He further contends the ALJ cited a "wide range of daily activities" in finding this inconsistent with the record, despite later evidence indicating Ledbetter "was largely housebound."  (*Id.* at 8) (citing tr. 422).  However, as a consultative opinion, it was entitled to no special weight, *see McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987), and, regardless, the ALJ's findings are not inconsistent with the record on these points.  Having found there had been no substance abuse since the amended onset date, (tr. 26), the ALJ then mostly agreed with the psychologist's opinion that did not take substance abuse into consideration:  the ALJ found Ledbetter had moderate difficulties in social functioning and concentration and only disagreed with the opinion as to decompensation limitations (which had not occurred since the alleged onset date) and Ledbetter's daily activities (to which the ALJ cited house chores and caring for his mother, mostly in the home, as indications of only mild limitations in this area).  (Tr. 24; *see also* tr. 360).

---

[4] This latter finding (not considering substance abuse) is consistent with the ALJ's other finding Ledbetter has remained sober during the relevant time period, (tr. 26), and does not meet one of the Listings, *see* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.04(B) (requiring at least one "marked" limitation).

8

Because there is no evidence to support the conclusion Ledbetter has any lumbar issue, there was no need for a specific postural-functioning analysis considering such an impairment. Therefore, Ledbetter's arguments the ALJ's failure to provide postural analysis constitutes a failure to provide a proper function-by-function analysis, (doc. 13 at 7), or to pose a complete hypothetical to the VE, (*id.* at 5), both fail.  Similarly, the ALJ's weighing of the State agency psychologist's opinion and ultimate findings regarding Ledbetter's mental impairments are supported by substantial evidence.

## VI. Conclusion

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, the decision of the Commissioner of Social Security denying Plaintiff's claim for a period of disability, DIB, and SSI is **AFFIRMED** and this action is **DISMISSED WITH PREJUDICE.**

DONE this 28th day of September 2015.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE